AO (Rev. 5/85) Criminal
Complaint

FILED IN OPEN COURT
2.16.17
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.

ROBLERO CASH MARDOQUEO-GABINO

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:17-mj- 1040-MCR

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 14, 2017, in the Middle District of Florida, the defendant,

> a citizen of Guatemala and an alien in the United States, was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about December 26, 2012,

in violation of Title 8, United States Code, Section 1326. I further state that I am a Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Manuel Vega

Sworn to before me and subscribed in my presence,

February 16, 2017 at Jacksonville, Florida

MONTE C. RICHARDSON
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

CRIMINAL COMPLAINT AFFIDAVIT

I, Manuel Vega, being a duly sworn and appointed Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") hereby make the following statement in support of the attached criminal complaint.

1. Your affiant has been a Deportation Officer for ICE for over ten years. Your affiant has training and experience in the enforcement of the immigration and nationality laws of the United States. Additionally, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. On February 14, 2016, as part of an immigration investigation, your affiant was advised of the following facts by Officer Brunson of the Jacksonville Sheriff's Office. Officer Brunson is assigned to the 287(g) program at the Duval County Pretrial Detention Facility in Duval County, in the Middle District of Florida. The 287(g) program was authorized under section 287(g) of the Immigration and Nationality Act and permits a state officer to be deputized "to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States . . . ." 8 U.S.C. § 1357(g).

3. Officer Brunson advised your affiant that on December 31, 2016, he was notified that an individual who had identified himself as Roblero Cash MARDOQUEO-GABINO had been booked into the Duval County jail and had stated during the booking process that he was born in Guatemala on November 8, 1995. Officer Brunson ran immigration service computer checks using the defendant's name and date of birth and the computer checks showed no record that a Guatemala citizen with that name and date of birth had ever been legally admitted into the United States.

4. On the same date, Officer Brunson entered MARDOQUEO-GABINO's fingerprints into an automated biometric identification system that compares a person's fingerprints with the fingerprints in a database of persons who have been previously encountered by immigration authorities. The system returned a match and reflected that MARDOQUEO-GABINO had previously been encountered and had been assigned an Alien Registration number ("A-number"). Officer Brunson lodged an ICE detainer against MARDOQUEO-GABINO with the Duval County jail.

5. On February 14, 2017, your affiant was notified that local charges for MARDOQUEO-GABINO had been resolved and that he was ready to be picked up on the ICE detainer.

6. On February 14, 2017, your affiant conducted computer checks using the A-number, which revealed that MARDOQUEO-GABINO is a citizen of Guatemala who was removed from the United States to Guatemala on December 26, 2012. Your affiant also reviewed a copy of the Alien Registration File ("A-file") associated with the A-number assigned to MARDOQUEO-GABINO. An A-file is a central file maintained by immigration agencies that contains documents related to the interactions and encounters of United States immigration authorities with an alien. Documents in the A-file confirmed that MARDOQUEO-GABINO was removed from the United States to Guatemala on December 26, 2012, through Phoenix, Arizona. The A-file contained no record that MARDOQUEO-GABINO had ever applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States since the time of his removal.

7. On February 15, 2017, at approximately 11:52 A.M., your affiant advised Assistant United States Attorney Arnold B. Corsmeier of the foregoing facts and he authorized criminal prosecution of MARDOQUEO-GABINO.

Based upon the foregoing facts, your affiant believes there is probable cause to establish that Roblero Cash MARDOQUEO-GABINO is a citizen of Guatemala who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of

Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

Manuel Vega, Deportation Officer
U.S. Immigration and Customs Enforcement
Jacksonville, Florida